1    Amanda C. Sommerfeld (SBN 185052)
     asommerfeld@jonesday.com
2    JONES DAY
     555 South Flower Street, Fiftieth Floor
3    Los Angeles, CA 90071.2300
     Telephone:   +1.213.489.3939
4    Facsimile:   +1.213.243.2539

5    Kelsey A. Israel-Trummel (SBN 282272)
     kitrummel@jonesday.com
6    JONES DAY
     555 California Street, 25th Floor
7    San Francisco, CA 94104
     Telephone:   +1.415.626.3939
8    Facsimile:   +1.415.875.5700

9    Scott Morrison (SBN 320167)
     scottmorrison@jonesday.com
10   JONES DAY
     4655 Executive Drive, Suite 1500
11   San Diego, CA 92121
     Telephone:   +1.858.314.1200
12   Facsimile:   +1.844.345.3178

13   Attorneys for Defendant
     SKYWEST AIRLINES, INC.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                       SAN FRANCISCO DIVISION

18

19   **TREMAINE WILSON and LAUREN**         Case No. 3:19-cv-1491
     **BECKER, individually, and on behalf of**
20   **other members of the general public**    **DEFENDANT'S NOTICE OF**
     **similarly situated, and as aggrieved**    **REMOVAL OF CIVIL ACTION**
21   **employees pursuant to the Private**       **FROM STATE COURT PURSUANT**
     **Attorneys General Act ("PAGA"),**         **TO 28 U.S.C. §§ 1332(b), 1332(d),**
22                                               **1441(b), AND 1446**
                    **Plaintiffs,**
23                                               **[CAFA Jurisdiction]**
            v.
24
     **SKYWEST AIRLINES, INC., a Utah**
25   **corporation; and DOES 1 through 100,**
     **inclusive,**
26
                    **Defendants.**
27

28

PLEASE TAKE NOTICE THAT Defendant SkyWest Airlines, Inc. ("SkyWest") hereby removes this matter from the San Francisco Superior Court to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(b), 1332(d), 1441(b), and 1446. The grounds for removal are as follows:

### Claims Asserted in Complaint

1. On February 13, 2019, plaintiffs Tremaine Wilson and Lauren Becker ("Plaintiffs") filed a complaint for damages against SkyWest in San Francisco County Superior Court, Case No. CGC-19-573737, entitled *Tremaine Wilson and Lauren Becker, et al. v. SkyWest Airlines, Inc., et al.* (the "Complaint"). In the Complaint, Plaintiffs assert claims for: (1) unpaid overtime; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) waiting time penalties; (5) penalties for non-compliant wage statements; (6) civil penalties for violations of California's Private Attorneys General Act ("PAGA"); and (7) unfair business practices. Compl. at ¶¶ 49, 57, 65, 72, 78, 87, 92.

2. Plaintiffs purport to represent the following Class:

> All individuals who worked for Defendants as Flight Attendants, or individuals holding similar job positions, on any flight routes which either 1) caused the Flight Attendant to remain within the state of California for a period of 3.5 or more hours after commencing the Flight Attendant's work day or 2) originated in California and did not land in another state until over 3.5 hours after the Flight Attendant commenced their work day, at any time during the period from four years prior to the filing of this Complaint until the date of certification ("Class"). Compl. at ¶ 17.

3. Plaintiffs seek damages, unpaid wages, penalties, injunctive relief, and attorneys' fees. Prayer for Relief at ¶ 1.

### Compliance with Statutory Requirements

4. On February 20, 2019, Plaintiffs served SkyWest with the Summons and Complaint. SkyWest's removal of this action is therefore timely because it filed the instant Notice of Removal within 30 days of the date Plaintiffs served it with the Complaint. 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446(a), copies of Plaintiffs' Summons and Complaint are attached to this Notice of Removal as Exhibit A.

5. Under 28 U.S.C. § 1446(d), SkyWest will provide written notice of removal of this action to Plaintiffs' counsel and will promptly file a copy of this Notice of Removal and the

1  necessary, attendant documents with the Clerk of the San Francisco Superior Court.  A copy of all

2  state-court orders are attached to this Notice of Removal as Exhibit B.  A copy of Defendants'

3  Notice to State Court and Adverse Party of Removal from State Court to the United States

4  District Court of the Northern District of California (without exhibits) is attached to this Notice of

5  Removal as Exhibit C.

6  **Intradistrict Assignment**

7  6.      Plaintiffs filed this case in the Superior Court of California, County of San

8  Francisco; therefore, this case may properly be removed to the San Francisco Division of the

9  Northern District of California.  28 U.S.C. § 1441(a).

10  **Jurisdiction—CAFA Jurisdiction**

11  7.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §

12  1332(d) (as amended by the Class Action Fairness Act of 2005, Pub L. No. 109-2, 119 Stat. 14

13  ("CAFA")).  Under Section 1332(d), federal courts have original diversity jurisdiction over a

14  class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State

15  different from any defendant," 28 U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy exceeds

16  the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3)

17  "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, 28

18  U.S.C. § 1332(d)(2), (5)(B).  All requirements are satisfied in this case.

19  **Plaintiffs and Defendant are Citizens of Different States**

20  8.      In this matter, diversity of citizenship exists because Plaintiffs and SkyWest are

21  citizens of different states.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiff Wilson and Plaintiff Becker are

22  both citizens of California.  They both reside in California, Compl. ¶¶ 7–8, and they both report

23  California as their home addresses throughout their employment.  SkyWest, on the other hand, is

24  a Utah corporation with its principal place of business in St. George, Utah.  *See* 28 U.S.C. §

25  1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal

26  place of business is its "nerve center," which will normally be where it maintains its

27  headquarters).  SkyWest's headquarters and executive officers are located in St. George, Utah.

28  So, SkyWest is a citizen for diversity-jurisdiction purposes of Utah.

1

2 **<u>The Amount in Controversy Exceeds $5,000,000</u>**

3       9.     Though SkyWest concedes neither liability on Plaintiffs' claims nor the propriety

4 or breadth of the purported Class as alleged by Plaintiffs, the Complaint places in controversy a

5 sum greater than $5,000,000. *See generally* Compl.; 28 U.S.C. § 1332(d). Plaintiffs seek to

6 recover unpaid overtime, meal and rest premium pay, statutory waiting time penalties, statutory

7 wage statement penalties, civil penalties under PAGA, and attorneys' fees on behalf of

8 themselves and each of the purported class members. Compl. at ¶¶ 49, 57, 65, 72, 78, 87, 92, and

9 Prayer for Relief.

10       10.    Plaintiff seeks to represent a class consisting of:

11      All individuals who worked for Defendants as Flight Attendants, or individuals
     holding similar job positions, on any flight routes which either 1) caused the Flight
12      Attendant to remain within the state of California for a period of 3.5 or more hours
     after commencing the Flight Attendant's work day or 2) originated in California and
13      did not land in another state until over 3.5 hours after the Flight Attendant
     commenced their work day, at any time during the period from four years prior to
14      the filing of this Complaint until the date of certification ("Class"). Compl. at ¶ 17.

15       11.    Because so many flights fly in and out of California, this purported Class can truly

16 reach Flight Attendants employed by SkyWest throughout the entire country. However, for

17 purposes of this removal petition, and for drawing very conservative estimates of the amounts put

18 in controversy for each claim, SkyWest relies on a group of all California domiciled Flight

19 Attendants employed by SkyWest from February 2015 until the present. There are 1,086 Flight

20 Attendants within this group.

21       12.    The aggregate amount in controversy based on Plaintiffs' claims on behalf of the

22 putative class exceeds the amount-in-controversy threshold of $5,000,000 necessary to establish

23 CAFA jurisdiction as follows:[1]

24       13.   <u>First Claim for Relief: Failure to Pay Overtime</u>: Plaintiffs' first claim for relief

25 ――――――――――――

26      [1] In alleging the amount in controversy for purposes of removal, SkyWest does not
concede or acknowledge in any way that the allegations in Plaintiffs' Complaint are accurate or
that Plaintiffs or any proposed class member are entitled to any amount under any claim or cause
27 of action. Nor does SkyWest concede or acknowledge that any class may be certified, whether as
alleged or otherwise, or that any or all of its current or former employees are entitled to any
28 recovery in this case, or are appropriately included in the putative class.

1  seeks payment of overtime wages allegedly owed to them and members of the putative class

2  under Labor Code § 510 and "the applicable IWC Wage Order."  Compl. at ¶¶ 41–49.  They

3  allege that, "During the relevant time period, Plaintiffs and class members worked in excess of

4  eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

5  hours in a week without receiving overtime compensation therefor."  Compl. at ¶ 47.  They

6  further allege that SkyWest has a "policy and/or practice of employing compensation schemes,

7  including, but not limited to, 'block time' structures, which did not compensate Flight Attendants

8  for all work activities performed, such as time spent on the ground during flight changes."  *Id.*

9  And because "Plaintiffs and class members worked shifts of eight (8) hours a day and/or (40)

10  hours in a week," they were allegedly not compensated at an overtime rate for these beyond-the-

11  blocks work activities.  *Id.*

12      14.     Given Plaintiffs' allegations that SkyWest's policies and practices resulted in some

13  weekly under-compensation of overtime, and based on very conservative assumptions, the

14  amount placed in controversy by this overtime claim is **at least $2,267,915.52**.  SkyWest bases

15  this calculation on the following conservative assumptions: (1) an average hourly block-time rate

16  of $26.77 for members of putative class, Decl. of Darcy McPhie in Support of Defendant's Notice

17  of Removal ("McPhie Decl.") ¶2; (2) one hour of overtime per class member per week; and (3)

18  over a period of only one year.[2]  This estimate is very conservative as it underestimates the size of

19  the putative class as described in ¶ 11, *supra*, and it underestimates the amount of weeks that each

20  putative class member worked during the relevant limitations period.  For example, based on data

21  available to SkyWest, the average hourly block-time rate for the putative class is $26.77.  McPhie

22  Decl. ¶ 2.  Under the operative collective bargaining agreement, it would take Flight Attendants

23  **five years** to reach that pay rate.  Decl. of Kathy Makasian in Support of Defendant's Notice of

24  Removal ("Makasian Decl.") ¶ 4; *see also* Makasian Decl., Ex. A.  Therefore, many of the

25  putative class members inevitably worked for SkyWest longer than one year during the relevant

26  limitations period.

27

28      [2] $26.77 x 1.5 = $40.16 overtime rate x 1086 class members = $43,613.76 x 52 weeks = $2,267,915.52.  McPhie Decl. ¶ 2.

1

2       15.   <u>Second Claim for Relief: Failure to Provide Meal Periods</u>:  Plaintiffs' second

3  claim for relief seeks premium wage payments for alleged meal period violations.  Compl. at ¶¶

4  50–57.  They allege that SkyWest "willfully required [them] and other class members to work

5  during meal periods and then failed to pay [them] all meal period premiums due pursuant to

6  California Labor Code section 226.7."  Compl. at ¶ 55.  Given Plaintiffs' allegations and based on

7  very conservative assumptions, the amount placed in controversy by this meal-premium claim is

8  **at least $3,023,510.88**.  SkyWest bases this calculation on the following conservative

9  assumptions: (1) an average hourly block-time rate of $26.77 for members of the putative class,

10  McPhie Decl. ¶ 2; (2) two days of missed meal periods per class member per week; and (3) over a

11  period of only one year.  As with all estimates in this Notice of Removal, these assumptions

12  underestimate the size of the putative class as described in ¶ 11, *supra*, and it underestimates the

13  amount of weeks that each putative class member worked during the relevant limitations period.

14       16.   <u>Third Claim for Relief: Failure to Provide Rest Periods</u>:  Plaintiffs' third claim for

15  relief seeks premium wage payments for alleged rest period violations.  Compl. at ¶¶ 58–65.

16  They alleged that SkyWest "required [them] and class members to work four (4) or more hours

17  without authorizing or permitting a ten (10) minute rest period per each four (4) hour period

18  worked."  Compl. at ¶ 62.  And, "[a]s with meal periods, [SkyWest's] failure to properly staff and

19  coordinate employees' schedules lead to their being unable to take compliant rest breaks, even

20  where they had knowledge about their rest break rights."  *Id.*  Given Plaintiffs' allegations and

21  based on the same assumptions and calculations proposed for Plaintiffs' meal-premium claim,

22  this rest-premium claim places in controversy **at least $3,023,510.88**.

23       17.   <u>Fourth Claim for Relief: Waiting Time Penalties</u>:  Plaintiffs' fourth claim for relief

24  seeks waiting time penalties under California Labor Code § 203 for SkyWest's alleged willful

25  failure to pay class members who are no longer employed by SkyWest their earned overtime,

26  meal premiums, and rest premiums.  Compl. at ¶¶ 66–72.  Plaintiffs allege that this waiting-time-

27  penalty claim is "wholly derivative of and dependent upon the unpaid wage claims set forth for

28  unpaid overtime wages and unpaid meal and rest period premium wages."  Compl. at ¶ 67.  Based

on data available to SkyWest, 245 California domiciled Flight Attendants have ended their employment with SkyWest during the relevant three-year limitations period.  *See* CAL. LAB. CODE § 203(b); *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010) ("[W]e conclude there is but one reasonable construction: section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties . . . .").  Because Plaintiffs allege that SkyWest's policies and practices result in unpaid overtime and meal and rest premiums, SkyWest assumes for purposes of calculating the amount set in controversy by this claim that all 245 of these California domiciled Flight Attendants are entitled to at least one of the above categories of unpaid wages.  And because Plaintiffs allege that they and the Class have not yet been paid these due and owing amounts, SkyWest assumes a maximum-duration penalty of 30 days.  So, this claim puts into controversy **at least $1,574,076.00.**  This amount is calculated based on an average hourly block-time rate of $26.77, McPhie Decl. ¶ 2, multiplied by 8 hours to receive the average daily rate of $214.16, multiplied by 30 days of unpaid wages, multiplied by 245 California domiciled Flight Attendants.  *See* CAL. LABOR CODE § 203(a).  This calculation underestimates the number of Flight Attendants in the purported class who separated from SkyWest during the relevant limitations period, as the class definition spans all Flight Attendants who fly into or out of California, and not just those who are domiciled in California.

18.   <u>Fifth Claim for Relief: Non-Compliant Wage Statements</u>: Plaintiffs' fifth claim for relief seeks wage-statement penalties for allegedly non-compliant wage statements under California Labor Code § 226.  Compl. at ¶¶ 73–78.  Plaintiffs allege that "[t]he deficiencies include, among other things, failing to state all wages owed or paid including but not limited to, overtime wages and meal and rest period premium wages . . . and failing to accurately identify the name and address of the legal entity that employed Plaintiffs and class members."  Compl. at ¶ 75.  Because Plaintiffs allege that the wage statements failed to identify the name and address of the legal entity that employed Plaintiffs and class members—something independent of a specific employee's purported overtime and premium inaccuracies—SkyWest assumes for purposes of calculating the amount put into controversy by this claim that all employees who received wage statements during the relevant limitations period (from February 2018, forward), *see Falk v.*

*Children's Hospital Los Angeles*, 237 Cal. App. 4th 1454, 1469 (2015) (applying one-year limitations period to a wage-statement claim),  received allegedly non-compliant ones for every pay period.  Based on data available to SkyWest, there are 818 California domiciled Flight Attendants who received wage statements during the relevant limitations period.  Of those 818 Flight Attendants, 653 received wage statements for the entire limitations period.  Flight Attendants get paid on a bi-weekly basis, and 28 wage statements have been issued during the limitations period, which began on February 13, 2018, one year before the complaint was filed. This claim therefore places in controversy an amount of **at least $1,795,750.00.**[3]  This amount excludes the remaining 165 California domiciled Flight Attendants who received wage statements for some portion of the relevant limitations period and, thus, underestimates the actual amount in controversy based on Plaintiffs' allegations.  This amount also excludes the Flight Attendants who are not domiciled in California, but who otherwise meet the class definition.

19.     After totaling the amounts put in controversy by Plaintiffs' first through fifth claims, and accepting all allegations in Plaintiffs' Complaint as true for the purposes of this removal petition, there is **at least $11,684,763.30** at stake.

20.     This dispute plainly exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.

### Number of Proposed Class Members

21.     The number of putative class members in the aggregate well exceeds 100.  28 U.S.C. § 1332(d)(5)(B).  As mentioned throughout this Notice of Removal, SkyWest's calculations are based on only a subset of 1,086 putative class members.  This subset includes all California domiciled Flight Attendants who have worked for SkyWest at any point from February 2015 until the present.  Because the class definition also includes Flight Attendants who worked, regardless of domicile, at least 3.5 hours within California or worked a flight that originated in California and landed elsewhere at least 3.5 hours later, Flight Attendants from all around the country may be included in the class.  This requirement is therefore satisfied.

---

[3] 28 wage statements x $100 per non-compliant wage statement - $50 for the first non-compliant wage statement = $2,750 x 653 people who received all 28 wage statements = $1,795,750.00.  *See* CAL. LABOR CODE § 226(e)(1).

1

2          WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior

3   Court of the State of California, County of San Francisco.

4   Dated: March 22, 2019                           Respectfully submitted,

5                                                    Jones Day

6

7                                                    By: /s/ Amanda Sommerfeld

8                                                         Amanda C. Sommerfeld

9                                                    Counsel for Defendant
                                                     SKYWEST AIRLINES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:19-cv-1491
DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TREMAINE WILSON and LAUREN BECKER (see attachment)

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court
400 McAllister St. San Francisco, CA 94102-4515

CASE NUMBER:
*(Número del Caso):* 19 - 573737

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Bainer Law Firm 1901 Harrison St., Ste. 1100 Oakland, CA 94612 510-922-1802

DATE: **FEB 1 3 2019**
*(Fecha)*
Clerk, by **CLERK OF THE COURT** (Secretario) DE LA VEGA-NAVARRO, Rossaly , Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

BY FAX
ONE LEGAL LLC

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify):* See Attachment
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wilson v. SkyWest Airlones, Inc. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☑ Plaintiff      ☐ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

TREMAINE WILSON and LAUREN BECKER, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA")

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wilson v. SkyWest Airlones, Inc. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100, inclusive

Page __3__ of __3__

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Matthew R. Bainer, Esq. (SBN 220972)
**THE BAINER LAW FIRM**
1901 Harrison St., Suite 1100
Oakland, California 94612
Telephone:     (510) 922-1802
Facsimile:      (510) 844-7701
mbainer@bainerlawfirm.com

Attorneys for Plaintiffs Tremaine Wilson and Lauren Becker

F I L E D
San Francisco County Superior Court

FEB 1 3 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

TREMAINE WILSON and LAUREN BECKER, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),

Plaintiff,

vs.

SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: CGC - 19 - 573737

**CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(5) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(6) Violation of Labor Code §§ 2698, et seq. ("PAGA"); and
(7) Violation of California Business & Professions Code §§ 17200, et seq.

**Jury Trial Demanded**

**BY FAX**
ONE LEGAL LLC

CLASS ACTION COMPLAINT

1  Plaintiffs, individually and on behalf of all other members of the public similarly

2  situated, alleges as follows:

## JURISDICTION AND VENUE

4  1.  This class action is brought pursuant to California Code of Civil Procedure

5  section 382.  The monetary damages and restitution sought by Plaintiffs exceed the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.

7  2.  This Court has jurisdiction over this action pursuant to the California

8  Constitution, Article VI, section 10.  The statutes under which this action is brought do not

9  specify any other basis for jurisdiction.

10  3.  This Court has jurisdiction over all Defendants because, upon information and

11  belief, Defendants are either citizens of California, have sufficient minimum contacts in

12  California, or otherwise intentionally avail themselves of the California market so as to render

13  the exercise of jurisdiction over them by the California courts consistent with traditional

14  notions of fair play and substantial justice.

15  4.  Venue is proper in this Court because Defendants transact business in this

16  county and the acts and omissions alleged herein took place in this county.

17  5.  California Labor Code sections 2699 et seq., PAGA, authorizes aggrieved

18  employees to sue directly for various civil penalties under the California Labor Code.

19  6.  Plaintiffs timely provided notice on November 30, 2018 to the California Labor

20  and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California

21  Labor Code section 2699.3.

## THE PARTIES

23  7.  Plaintiff Tremaine Wilson was a resident of California during the time period at

24  issue herein.

25  8.  Plaintiff Lauren Becker was a resident of California during the time period at

26  issue herein.

27  9.  Defendant SkyWest Airlines Inc. ("SkyWest") was and is, upon information

28  and belief, a Utah corporation and, at all times hereinafter mentioned, an employer whose

employees are engaged throughout this county, the State of California, or the various states of the United States of America.

10.     Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

11.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of SkyWest at all relevant times.

12.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, SkyWest, and/or DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

13.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

15.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

16.     All claims alleged herein arise under California law for which Plaintiff seeks

1   relief authorized by California law.

2       17.   Plaintiff's proposed class consists of and is defined as follows:

3
4
5
6
7
> All individuals who worked for Defendants as Flight Attendants, or individuals holding similar job positions, on any flight routes which either 1) caused the Flight Attendant to remain within the state of California for a period of 3.5 or more hours after commencing the Flight Attendant's work day or 2) originated in California and did not land in another state until over 3.5 hours after the Flight Attendant commenced their work day, at any time during the period from four years prior to the filing of this Complaint until the date of certification ("Class").

8       18.   Members of the Class will hereinafter be referred to as "class members."

9       19.   Plaintiff reserves the right to redefine the Class and to add additional subclasses

10   as appropriate based on further investigation, discovery, and specific theories of liability.

11       20.   There are common questions of law and fact as to the class members that

12   predominate over questions affecting only individual members, including, but not limited to:

13       (a)   Whether Defendants required Plaintiffs and class members to

14   work off-the-clock without payment;

15       (b)   Whether Defendants required Plaintiffs and class members to

16   work over eight (8) hours per day, over twelve (12) hours per day,

17   and/or over forty (40) hours per week and failed to pay legally

18   required overtime compensation to Plaintiffs and class members;

19       (c)   Whether Defendants deprived Plaintiff and class members of

20   meal periods or required Plaintiff and class members to work during

21   meal periods without compensation;

22       (d)   Whether Defendants deprived Plaintiff and class members of rest

23   periods or required Plaintiff and class members to work during rest

24   periods without compensation;

25       (e)   Whether Defendants complied with wage reporting as required

26   by California Labor Code section 226(a);

27       (f)   Whether Defendants failed to timely pay wages due to Plaintiff

28   and class members during their employment, including meal and rest

period premium wages;

(g)   Whether Defendants failed to timely pay wages due to class members upon their discharge, including meal and rest period premium wages;

(h)   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful or reckless;

(i)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(j)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

21.   There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)   <u>Numerosity</u>:  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be over forty and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)   <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c)   <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any

1   class member.  Plaintiffs' attorneys, the proposed class counsel, are

2   versed in the rules governing class action discovery, certification, and

3   settlement.  Plaintiffs have incurred, and throughout the duration of this

4   action, will continue to incur costs and attorneys' fees that have been,

5   are and will be necessarily expended for the prosecution of this action

6   for the substantial benefit of each class member.

7   (d)   Superiority:  The nature of this action makes the use of class action

8   adjudication superior to other methods.  A class action will achieve

9   economies of time, effort, and expense as compared with separate

10   lawsuits, and will avoid inconsistent outcomes because the same issues

11   can be adjudicated in the same manner and at the same time for the

12   entire class.

13   (e)   Public Policy Considerations:  Employers in the State of California

14   violate employment and labor laws every day.  Current employees are

15   often afraid to assert their rights out of fear of direct or indirect

16   retaliation.  Former employees are fearful of bringing actions because

17   they believe their former employers might damage their future

18   endeavors through negative references and/or other means.  Class

19   actions provide the class members who are not named in the complaint

20   with a type of anonymity that allows for the vindication of their rights at

21   the same time as their privacy is protected.

22                                       **GENERAL ALLEGATIONS**

23   22.   Defendants provide retail air transportation both throughout the State of

24   California and on a national basis and are purported to be one of the major airlines of the

25   United States.

26   23.   Defendants employed Plaintiffs as a Flight Attendant within the State of

27   California until 2018.

28   24.   Defendants continue to employ Flight Attendants at multiple airport locations

1    throughout California.

2        25.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

3    mentioned, Defendants were advised by skilled lawyers and other professionals, employees

4    and advisors knowledgeable about California labor and wage law, employment and personnel

5    practices, and about the requirements of California law.

6        26.    Plaintiffs are informed and believe, and thereon allege, that employees were not

7    paid for all hours worked because all hours worked were not recorded.

8        27.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

9    should have known that Plaintiffs and class members were entitled to receive certain wages

10   for overtime compensation and that they were not receiving certain wages for overtime

11   compensation.

12       28.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

13   should have known that Plaintiff and other class members were entitled to receive all meal

14   periods or payment of one (1) additional hour of pay at Plaintiffs and other class members'

15   regular rate of pay when they did not receive a timely, uninterrupted meal period, and that

16   they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs

17   and other class members' regular rate of pay when they did not receive a timely, uninterrupted

18   meal period.

19       29.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

20   should have known that Plaintiffs and other class members were entitled to receive all rest

21   periods or payment of one (1) additional hour of pay at Plaintiffs and other class members'

22   regular rate of pay when a rest period was missed, and that they did not receive all rest periods

23   or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular

24   rate of pay when a rest period was missed.

25       30.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

26   should have known that Plaintiffs and other class members were entitled to receive complete

27   and accurate wage statements in accordance with California law.  In violation of the California

28   Labor Code, Plaintiffs and other class members were not provided with complete and accurate

1   wage statements.

2       31.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

3   should have known that Plaintiffs and other class members were entitled to timely payment of

4   wages during their employment.  In violation of the California Labor Code, Plaintiffs and

5   other class members did not receive payment of all wages, including, but not limited to meal

6   and rest period premium wages, within permissible time periods.

7       32.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

8   should have known that terminated class members were entitled to timely payment of wages

9   upon termination.  In violation of the California Labor Code, terminated class members did

10  not receive payment of all wages, including, but not limited to meal and rest period premium

11  wages, within permissible time periods.

12      33.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

13  mentioned, Defendants knew or should have known that they had a duty to compensate

14  Plaintiffs and other members of the class, and that Defendants had the financial ability to pay

15  such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

16  represented to Plaintiffs and other class members that they were properly denied wages, all in

17  order to increase Defendants' profits.

18      34.    At all times herein set forth, PAGA was applicable to Plaintiffs' employment

19  by Defendants.

20      35.    At all times herein set forth, PAGA provides that any provision of law under

21  the California Labor Code that provides for a civil penalty to be assessed and collected by the

22  LWDA for violations of the California Labor Code may, as an alternative, be recovered

23  through a civil action brought by an aggrieved employee on behalf of himself and other

24  current or former employees pursuant to procedures outlined in California Labor Code section

25  2699.3.

26      36.    Pursuant to PAGA, a civil action under PAGA may be brought by an

27  "aggrieved employee," who is any person that was employed by the alleged violator and

28  against whom one or more of the alleged violations was committed.

37.     Plaintiffs were employed by Defendants and the alleged violations were committed against them during their time of employment and they are, therefore, aggrieved employees.  Plaintiffs and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

38.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)   The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)   The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

39.     On November 30, 2018 Plaintiffs provideded written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.  Defendants have failed to cure any of the alleged violations.

1    40.    Therefore, as February 3, 2019, the administrative prerequisites under

2  California Labor Code section 2699.3(a) are satisfied and Plaintiff has authorization to

3  recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for

4  violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512 and

5  1198.

6  **FIRST CAUSE OF ACTION**

7  **Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

8  **(Against All Defendants)**

9    41.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

10  and every allegation set forth above.

11    42.    California Labor Code section 1198 makes it illegal to employ an employee

12  under conditions of labor that are prohibited by the applicable wage order.  California Labor

13  Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

14  shall be the . . . standard conditions of labor for employees.  The employment of any employee

15  . . . under conditions of labor prohibited by the order is unlawful."

16    43.    California Labor Code section 1198 and the applicable Industrial Welfare

17  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

18  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

19  rate of pay, depending on the number of hours worked by the person on a daily or weekly

20  basis.

21    44.    Specifically, the applicable IWC Wage Order provides that Defendants are and

22  were required to pay Plaintiffs and class members employed by Defendants, and working

23  more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of

24  time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty

25  (40) hours in a workweek.

26    45.    The applicable IWC Wage Order further provides that Defendants are and were

27  required to pay Plaintiffs and class members employed by Defendants, and working more than

28  twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

1  of pay.

2      46.     California Labor Code section 510 codifies the right to overtime compensation

3  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

4  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

5  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

6  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

7  of work.

8      47.     During the relevant time period, Plaintiffs and class members worked in excess

9  of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

10  (40) hours in a week without receiving overtime compensation therefor.  For one example,

11  during the relevant time period, Defendants had a policy and/or practice of employing

12  compensation schemes, including, but not limited to, "block time" structures, which did not

13  compensate Flight Attendants for all work activities performed, such as time spent on the

14  ground during flight changes. Because Plaintiffs and class members worked shifts of eight (8)

15  hours a day and/or forty (40) hours in a week, some of this uncompensated work time

16  qualified for overtime premium.

17      48.     Defendants' failure to pay Plaintiffs and class members the unpaid balance of

18  overtime compensation, as required by California law, violates the provisions of California

19  Labor Code sections 510 and 1198, and is therefore unlawful.

20      49.     Pursuant to California Labor Code section 1194, Plaintiffs and class members

21  are entitled to recover their unpaid overtime compensation, as well as interest, costs, and

22  attorneys' fees.

## SECOND CAUSE OF ACTION

### Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period

### Premiums

### (Against All Defendants)

27      50.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each

28  and every allegation set forth above.

51.     At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants and each of them.

52.     At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

53.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

54.     During the relevant time period, Plaintiffs and other class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

55.     During the relevant time period, Defendants willfully required Plaintiffs and other class members to work during meal periods and then failed to pay Plaintiffs and other class members all meal period premiums due pursuant to California Labor Code section 226.7.

56.     Defendants' conduct violates applicable Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections 226.7 and 512(a).

57.     Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiffs and other class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

### THIRD CAUSE OF ACTION

### Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums

### (Against All Defendants)

58.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

59.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and class members' employment by Defendants.

60.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

61.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

62.     During the relevant time period, Defendants required Plaintiffs and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to properly staff and coordinate employees' schedules lead to their being unable to take compliant rest breaks, even where they had knowledge about their rest break rights. Defendants then failed to pay Plaintiffs and class members the full rest period premium due pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay Plaintiff and other class members rest period premiums in violation of California Labor Code section 226.7.

63.     During the relevant time period, Defendants failed to pay Plaintiffs and class members the full rest period premium due pursuant to California Labor Code section 226.7.

64.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

65.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination**

**(Against All Defendants)**

66.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

67.     This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for unpaid overtime wages and unpaid meal and rest period premium wages, which remained unpaid upon termination of class members' employment.

68.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

69.     During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

70.     Defendants' failure to pay those class members who are no longer employed by

Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

71.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

72.     Class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

### (Against All Defendants)

73.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

74.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

75.     Defendants have intentionally and willfully failed to provide employees with or retain complete and accurate wage statements. The deficiencies include, among other things, failing to state all wages owed or paid including but not limited to, overtime wages and meal and rest period premium wages as a result of failing to properly record meal period violations and/or premiums and failing to accurately identify the name and address of the legal entity that employed Plaintiffs and class members. Further, in violation of California Labor Code section 226(a), SkyWest does not maintain on file a copy of the itemized statements provided to employees or a computer-generated record that accurately shows gross wages earned for all hours worked and not recorded, total hours worked by the employee as a result of working off

the clock and not recording those hours, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required by California Labor Code section 226(a).

76.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

77.    Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment.  Plaintiff have had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time.  Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked.  This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

78.    Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

# SIXTH CAUSE OF ACTION

## Violation of California Labor Code §§ 2698, *et seq.*

### (Against All Defendants)

79.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

80.     California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

81.     PAGA provides as follows, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

82.     Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

    a.  Violation of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiffs and other aggrieved employees for all overtime hours at the applicable overtime rate as herein alleged;

    b.  Violation of Labor Code Sections 512 and 226.7 for Defendants' failure to provide Plaintiffs and other aggrieved employees with legally mandated meal periods and failing to compensate Plaintiffs and other aggrieved employees with one hours of premium pay for unprovided meal periods as alleged herein;

    c.  Violation of Labor Code Section 226.7 for Defendants' failure to provide Plaintiffs and other aggrieved employees with legally mandated rest periods and failing to compensate Plaintiffs and other aggrieved employees with one hours of premium pay for unprovided rest periods as alleged herein;

    d.  Violation of Labor Code section 226(a) for failure to provide compliant wage statements to Plaintiffs and other aggrieved employees, as herein alleged;

    e.  Violation of Labor Code sections 201, 202, and 203 for failure to timely pay all earned wages to aggrieved employees upon discharge as herein alleged;

    f.  Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as set forth more fully below; and

83.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

84.    California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, Defendants failed to pay Plaintiffs and other aggrieved employees all wages due to them, including, but not limited to, minimum wages and reporting time pay within any time period specified by California Labor Code section 204.

85.    Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiffs and aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

86.    As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the

Industrial Welfare Commission and are subject to civil penalties, in addition to those provided by Labor Code sections 2698 and 2699.

87.     Pursuant to PAGA, and in particular California Labor Code sections 2699, 2699.3 and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiffs, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512 and 1198.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.*

### (Against All Defendants)

88.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

89.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

90.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

91.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

        (c)     Requiring non-exempt employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

        (d)     Failing to provide meal and rest periods or to pay premium wages for

missed meal and rest periods to Plaintiff and class members in violation of California Labor Code sections 226.7 and 512 and the applicable Industrial Welfare Commission Order;

(e)    Failing to provide Plaintiff and class members with accurate wage statements in violation of California Labor Code section 226(a) and the applicable Industrial Welfare Commission Order; and

(f)    Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code sections 210, 202, 203 and 204 and the applicable Industrial Welfare Commission Order as set forth below.

92.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiffs requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.    That this case be certified as a class action;

3.    That Plaintiffs be appointed as the representatives of the Class;

4.    That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

5.    That the Court declare, adjudge, and decree that Defendants violated California

1  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

2  pay all overtime wages due to Plaintiff and class members;

3      6.    For general unpaid wages at overtime wage rates and such general and special

4  damages as may be appropriate;

5      7.    For pre-judgment interest on any unpaid overtime compensation commencing

6  from the date such amounts were due;

7      8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

8  California Labor Code section 1194(a); and

9      9.    For such other and further relief as the Court may deem equitable and

10  appropriate.

11                      **As to the Second Cause of Action**

12      10.    That the Court declare, adjudge, and decree that Defendants violated California

13  Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)

14  Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

15      11.    That the Court make an award to the Plaintiffs and class members of one (1)

16  hour of pay at each employee's regular rate of compensation for each workday that a meal

17  period was not provided;

18      12.    For all actual, consequential, and incidental losses and damages, according to

19  proof;

20      13.    For premiums pursuant to California Labor Code section 226.7(b);

21      14.    For pre-judgment interest on any unpaid meal period premiums from the date

22  such amounts were due; and

23      15.    For such other and further relief as the Court may deem equitable and

24  appropriate.

25                       **As to the Third Cause of Action**

26      16.    That the Court declare, adjudge and decree that Defendants violated California

27  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

28  rest periods to Plaintiffs and class members;

17.    That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

18.    For all actual, consequential, and incidental losses and damages, according to proof;

19.    For premiums pursuant to California Labor Code section 226.7(b);

20.    For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

21.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages and meal and rest period premium wages owed at the time of termination of the employment of class members no longer employed by Defendants.

23.    For all actual, consequential and incidental losses and damages, according to proof;

24.    For statutory wage penalties pursuant to California Labor Code section 203 for all class members who have left Defendants' employ;

25.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

26.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

27.    That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized wage statements thereto;

28.     For all actual, consequential and incidental losses and damages, according to proof;

29.     For statutory penalties and injunctive relief pursuant to California Labor Code section 226(e) and (h); and

30.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

31.     That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiffs and/or other Aggrieved Employees: 510 and 1198 (by failing to pay all overtime wages); 226.7 (by failing to provide meal or rest periods or the required compensation in lieu thereof); 226(a) (by failing to provide accurate and complete wage statements); 201, 202, 203 (by failing timely to pay all unpaid wages upon termination); and 204 (by failing timely to pay all earned wages during employment);

32.     For civil penalties pursuant to California Labor Code sections 210, 226.3, 558, 1174.5, 2699(a) and/or 2699(f) and (g), for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, and 1198;

### As to the Seventh Cause of Action

33.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate wage statements, and failing timely to pay all earned wages during employment and upon termination;

34.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

35.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

36.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

37.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: February 13, 2019

Respectfully submitted,

The Bainer Law Firm

By: _____

Matthew R. Bainer, Esq.

Attorneys for Plaintiffs Tremaine Wilson and Lauren Becker

CLASS ACTION COMPLAINT

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Matthew R. Bainer (No. 220972)
1901 Harrison St., Ste. 1100
Oakland, CA 94612
mbainer@bainerlawfirm.com
TELEPHONE NO.: 510-922-1802          FAX NO.: 510-844-7701
ATTORNEY FOR *(Name):* Tremaine Wilson and Lauren Becker

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister St. San Francisco, CA 94102-4515
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

**CASE NAME:**
Wilson v. SkyWest Airlines, Inc.

**F I L E D**
FOR COURT USE ONLY
San Francisco County Superior Court

FEB 18 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-19-573737 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties            d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                     in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence                f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Seven
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 13, 2019
Matthew R. Bainer, Esq.
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX
ONE LEGAL LLC

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# EXHIBIT B

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **JUL-17-2019**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| TREMAINE WILSON et al | **Department 304** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-19-573737** |
| SKYWEST AIRLINES, INC. A UTAH CORPORATION et al | **Order Denying Complex Designation For Failure to File Application Requesting Designation** |
| DEFENDANT (S) | |

ATTENTION ALL COUNSEL AND SELF-REPRESENTED PARTIES:

Complex Designation is DENIED without prejudice. The Application for Approval of Complex Designation has not been filed and provided to Department 304 pursuant to San Francisco Superior Court Local Rule 3.5.

Pursuant to Government Code §70616, et seq., parties who do not plan to file an Application for Complex Designation may seek a refund of any complex litigation fees that they have paid.

IT IS SO ORDERED.

DATED:  MAR-18-2019                    Anne-Christine Massullo

                                       JUDGE

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-18-2019 I served the attached Order Denying Complex Designation For Failure to File Application Requesting Designation by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  MAR-18-2019                          By: MARIA OLOPERNES

MATTHEW R. BAINER (220972)
THE BAINER LAW FIRM
1901 HARRISON ST. SUITE 1100
OAKLAND, CALIFORNIA  94612

CERTIFICATE OF SERVICE BY MAIL
Form 000015

# EXHIBIT C

1   Amanda C. Sommerfeld (SBN 185052)
    asommerfeld@jonesday.com
2   JONES DAY
    555 South Flower Street, Fiftieth Floor
3   Los Angeles, CA  90071.2300
    Telephone:    +1.213.489.3939
4   Facsimile:    +1.213.243.2539

5   Kelsey Israel-Trummel (SBN 282272)
    kitrummel@jonesday.com
6   JONES DAY
    555 California Street, 25th Floor
7   San Francisco, CA 94104
    Telephone:    +1.415.626.3939
8   Facsimile:    +1.415.875.5700

9   Scott Morrison (SBN 320167)
    scottmorrison@jonesday.com
10  JONES DAY
    4655 Executive Drive, Suite 1500
11  San Diego, CA 92121
    Telephone:    +1.858.314.1200
12  Facsimile:    +1.844.345.3178

13  Attorneys for Defendant
    SKYWEST AIRLINES, INC
14

15          SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                  COUNTY OF SAN FRANCISCO

17

18  TREMAINE WILSON and LAUREN          | CASE NO. CGC19573737
    BECKER, individually, and on behalf of
19  other members of the general public similarly   Assigned for all purposes to
    situated, and as aggrieved employees pursuant   Judge Garrett L. Wong
20  to the Private Attorneys General Act
    ("PAGA"),                               NOTICE TO STATE COURT AND
21                                          ADVERSE PARTY OF REMOVAL
                Plaintiff,                  OF CIVIL ACTION FROM STATE
22                                          COURT TO UNITED STATES
            v.                              DISTRICT COURT OF THE
23                                          NORTHERN DISTRICT OF
    SKYWEST AIRLINES, INC., a Utah         CALIFORNIA
24  corporation; and DOES 1 through 100,
    inclusive,                              Complaint Filed:   February 13, 2019
25                                          Trial Date:        n/a
                Defendant.                  Discovery Cutoff:
26                                          Motion Cutoff:

27

28

                                                    CASE NO. CGC19573737
        NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ADVERSE PARTY:**

2    PLEASE TAKE NOTICE THAT, on March 22, 2019, Defendant SkyWest Airlines, Inc.

3    filed a Notice of Removal of Civil Action in the United States District Court for the Northern

4    District of California.  In compliance with 28 U.S.C. § 1446(d), a copy of that Notice of Removal

5    and all of its attachments is attached to and filed and served with this Notice as Exhibit 1.

6    PLEASE TAKE FURTHER NOTICE that under 28 U.S.C. § 1446(d), the filing and

7    service of this Notice affects the removal of this action and stays any further proceedings in

8    connection therewith in the Los Angeles County Superior Court unless and until this action is

9    remanded.

10

11   Dated: March 22, 2019                                Jones Day

12

13                                                        By: Amanda Sommerfeld

14                                                        Amanda C. Sommerfeld

15                                                        Attorneys for Defendant
                                                          SKYWEST AIRLINES, INC

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. CGC19573737

**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL**