Matthew R. Bainer, Esq. (SBN 220972)
**THE BAINER LAW FIRM**
1901 Harrison St., Suite 1100
Oakland, California 94612
Telephone:    (510) 922-1802
Facsimile:     (510) 844-7701
mbainer@bainerlawfirm.com

Attorneys for Plaintiffs Tremaine Wilson and Lauren Becker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE WILSON and LAUREN BECKER, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"), <br><br> Plaintiff, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.:  3:19-cv-1491-VC <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** <br><br> (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); <br> (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); <br> (5) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); <br> (6) Violation of Labor Code §§ 2698, et seq. ("PAGA"); and <br> (7) Violation of California Business & Professions Code §§ 17200, *et seq.* <br><br> **Jury Trial Demanded** |

1    Plaintiffs, individually and on behalf of all other members of the public similarly

2  situated, alleges as follows:

3                          **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil Procedure

5  section 382.  The monetary damages and restitution sought by Plaintiffs exceed the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.

7    2.    This Court has jurisdiction over this action pursuant to the California

8  Constitution, Article VI, section 10.  The statutes under which this action is brought do not

9  specify any other basis for jurisdiction.

10    3.    This Court has jurisdiction over all Defendants because, upon information and

11  belief, Defendants are either citizens of California, have sufficient minimum contacts in

12  California, or otherwise intentionally avail themselves of the California market so as to render

13  the exercise of jurisdiction over them by the California courts consistent with traditional

14  notions of fair play and substantial justice.

15    4.    Venue is proper in this Court because Defendants transact business in this

16  county and the acts and omissions alleged herein took place in this county.

17    5.    California Labor Code sections 2699 et seq., PAGA, authorizes aggrieved

18  employees to sue directly for various civil penalties under the California Labor Code.

19    6.    Plaintiffs timely provided notice on November 30, 2018 to the California Labor

20  and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California

21  Labor Code section 2699.3.

22                                **THE PARTIES**

23    7.    Plaintiff Tremaine Wilson was a resident of California during the time period at

24  issue herein.

25    8.    Plaintiff Lauren Becker was a resident of California during the time period at

26  issue herein.

27    9.    Defendant SkyWest Airlines Inc. ("SkyWest") was and is, upon information

28  and belief, a Utah corporation and, at all times hereinafter mentioned, an employer whose

FIRST AMENDED CLASS ACTION COMPLAINT

employees are engaged throughout this county, the State of California, or the various states of the United States of America.

10.     Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

11.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of SkyWest at all relevant times.

12.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, SkyWest, and/or DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

13.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

15.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

16.     All claims alleged herein arise under California law for which Plaintiff seeks

1   relief authorized by California law.

2       17.   Plaintiff's proposed class consists of and is defined as follows:

3           All California residents who worked for Defendants as Flight
            Attendants, or individuals holding similar job positions, who
4           performed work for Defendants on any flight routes which
            originated and concluded in California in the same calendar day,
5           at any time during the period from four years prior to the filing
            of this Complaint until the date of certification ("Class").
6
        18.   Members of the Class will hereinafter be referred to as "class members."
7
        19.   Plaintiff reserves the right to redefine the Class and to add additional subclasses
8
    as appropriate based on further investigation, discovery, and specific theories of liability.
9
        20.   There are common questions of law and fact as to the class members that
10
    predominate over questions affecting only individual members, including, but not limited to:
11
            (a)   Whether Defendants required Plaintiffs and class members to
12
            work off-the-clock without payment;
13
            (b)   Whether Defendants required Plaintiffs and class members to
14
            work over eight (8) hours per day, over twelve (12) hours per day,
15
            and/or over forty (40) hours per week and failed to pay legally
16
            required overtime compensation to Plaintiffs and class members;
17
            (c)   Whether Defendants deprived Plaintiff and class members of
18
            meal periods or required Plaintiff and class members to work during
19
            meal periods without compensation;
20
            (d)   Whether Defendants deprived Plaintiff and class members of rest
21
            periods or required Plaintiff and class members to work during rest
22
            periods without compensation;
23
            (e)   Whether Defendants complied with wage reporting as required
24
            by California Labor Code section 226(a);
25
            (f)   Whether Defendants failed to timely pay wages due to Plaintiff
26
            and class members during their employment, including meal and rest
27
            period premium wages;
28

FIRST AMENDED CLASS ACTION COMPLAINT

(g)   Whether Defendants failed to timely pay wages due to class members upon their discharge, including meal and rest period premium wages;

(h)   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful or reckless;

(i)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(j)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

21.   There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)   <u>Numerosity</u>:  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be over forty and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)   <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c)   <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are

versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)    <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

## GENERAL ALLEGATIONS

22.    Defendants provide retail air transportation both throughout the State of California and on a national basis and are purported to be one of the major airlines of the United States.

23.    Defendants employed Plaintiffs as a Flight Attendant within the State of California until 2018.

24.    Defendants continue to employ Flight Attendants at multiple airport locations throughout California.

25.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

26.    Plaintiffs are informed and believe, and thereon allege, that employees were not paid for all hours worked because all hours worked were not recorded.

27.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

28.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

29.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when a rest period was missed.

30.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiffs and other class members were not provided with complete and accurate wage statements.

FIRST AMENDED CLASS ACTION COMPLAINT

31.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiffs and other class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

32.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that terminated class members were entitled to timely payment of wages upon termination.  In violation of the California Labor Code, terminated class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

33.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and other members of the class, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and other class members that they were properly denied wages, all in order to increase Defendants' profits.

34.     At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

35.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

36.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

37.     Plaintiffs were employed by Defendants and the alleged violations were

committed against them during their time of employment and they are, therefore, aggrieved

employees.  Plaintiffs and other employees are "aggrieved employees" as defined by

California Labor Code section 2699(c) in that they are all current or former employees of

Defendants, and one or more of the alleged violations were committed against them.

38.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

employee, including Plaintiffs, may pursue a civil action arising under PAGA after the

following requirements have been met:

(a)  The aggrieved employee shall give written notice by certified

mail (hereinafter "Employee's Notice") to the LWDA and the

employer of the specific provisions of the California Labor Code

alleged to have been violated, including the facts and theories to

support the alleged violations.

(b)  The LWDA shall provide notice (hereinafter "LWDA Notice")

to the employer and the aggrieved employee by certified mail that it

does not intend to investigate the alleged violation within sixty (60)

calendar days of the postmark date of the Employee's Notice.  Upon

receipt of the LWDA Notice, or if the LWDA Notice is not provided

within sixty-five (65) calendar days of the postmark date of the

Employee's Notice, the aggrieved employee may commence a civil

action pursuant to California Labor Code section 2699 to recover

civil penalties in addition to any other penalties to which the

employee may be entitled.

39.    On November 30, 2018 Plaintiffs provideded written notice by certified mail to

the LWDA and to Defendants of the specific provisions of the California Labor Code alleged

to have been violated, including the facts and theories to support the alleged violations,

pursuant to California Labor Code section 2699.3.  Defendants have failed to cure any of the

alleged violations.

40.    Therefore, as February 3, 2019, the administrative prerequisites under

California Labor Code section 2699.3(a) are satisfied and Plaintiff has authorization to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512 and 1198.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against All Defendants)**

41.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

42.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

43.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

45.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

46. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47. During the relevant time period, Plaintiffs and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week without receiving overtime compensation therefor. For one example, during the relevant time period, Defendants had a policy and/or practice of employing compensation schemes, including, but not limited to, "block time" structures, which did not compensate Flight Attendants for all work activities performed, such as time spent on the ground during flight changes. Because Plaintiffs and class members worked shifts of eight (8) hours a day and/or forty (40) hours in a week, some of this uncompensated work time qualified for overtime premium.

48. Defendants' failure to pay Plaintiffs and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

49. Pursuant to California Labor Code section 1194, Plaintiffs and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Against All Defendants)**

50. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

51. At all relevant times herein set forth, the applicable California Industrial

Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants and each of them.

52.    At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

53.    At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

54.    During the relevant time period, Plaintiffs and other class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

55.    During the relevant time period, Defendants willfully required Plaintiffs and other class members to work during meal periods and then failed to pay Plaintiffs and other class members all meal period premiums due pursuant to California Labor Code section 226.7.

56.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections 226.7 and 512(a).

57.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiffs and other class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

**(Against All Defendants)**

58.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

59.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and class members' employment by Defendants.

60.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

61.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

62.     During the relevant time period, Defendants required Plaintiffs and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to properly staff and coordinate employees' schedules lead to their being unable to take compliant rest breaks, even where they had knowledge about their rest break rights. Defendants then failed to pay Plaintiffs and class members the full rest period premium due pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay Plaintiff and other class members rest period premiums in violation of California Labor Code section 226.7.

63.     During the relevant time period, Defendants failed to pay Plaintiffs and class members the full rest period premium due pursuant to California Labor Code section 226.7.

64.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

65.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

**Termination**

**(Against All Defendants)**

66.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

67.     This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for unpaid overtime wages and unpaid meal and rest period premium wages, which remained unpaid upon termination of class members' employment.

68.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

69.     During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

70.     Defendants' failure to pay those class members who are no longer employed by

Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

71.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

72.    Class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

<b>FIFTH CAUSE OF ACTION</b>

<b>Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements</b>

<b>(Against All Defendants)</b>

73.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

74.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

75.    Defendants have intentionally and willfully failed to provide employees with or retain complete and accurate wage statements.  The deficiencies include, among other things, failing to state all wages owed or paid including but not limited to, overtime wages and meal and rest period premium wages as a result of failing to properly record meal period violations and/or premiums and failing to accurately identify the name and address of the legal entity that employed Plaintiffs and class members.  Further, in violation of California Labor Code section 226(a), SkyWest does not maintain on file a copy of the itemized statements provided to employees or a computer-generated record that accurately shows gross wages earned for all hours worked and not recorded, total hours worked by the employee as a result of working off

the clock and not recording those hours, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required by California Labor Code section 226(a).

76.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

77.    Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment.  Plaintiff have had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time.  Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked.  This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

78.    Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

1

## SIXTH CAUSE OF ACTION

2

### Violation of California Labor Code §§ 2698, *et seq.*

3

### (Against All Defendants)

4       79.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

5    and every allegation set forth above.

6       80.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs to recover

7    civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code

8    section 2699.5.

9       81.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

10   plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

11   under this part at any time within 60 days of the time periods specified in this part."

12      82.    Defendants' conduct, as alleged herein, violates numerous sections of the

13   California Labor Code, including, but not limited to, the following:

14                a.   Violation of Labor Code sections 510 and 1198 for Defendants' failure to

15                     compensate Plaintiffs and other aggrieved employees for all overtime hours

16                     at the applicable overtime rate as herein alleged;

17                b.   Violation of Labor Code Sections 512 and 226.7 for Defendants' failure to

18                     provide Plaintiffs and other aggrieved employees with legally mandated

19                     meal periods and failing to compensate Plaintiffs and other aggrieved

20                     employees with one hours of premium pay for unprovided meal periods as

21                     alleged herein;

22                c.   Violation of Labor Code Section 226.7 for Defendants' failure to provide

23                     Plaintiffs and other aggrieved employees with legally mandated rest periods

24                     and failing to compensate Plaintiffs and other aggrieved employees with

25                     one hours of premium pay for unprovided rest periods as alleged herein;

26                d.   Violation of Labor Code section 226(a) for failure to provide compliant

27                     wage statements to Plaintiffs and other aggrieved employees, as herein

28                     alleged;

1

2

3

  e. Violation of Labor Code sections 201, 202, and 203 for failure to timely pay all earned wages to aggrieved employees upon discharge as herein alleged;

4

5

6

  f. Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as set forth more fully below; and

7  83. California Labor Code section 1198 makes it illegal to employ an employee

8 under conditions of labor that are prohibited by the applicable wage order.  California Labor

9 Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

10 shall be the . . . standard conditions of labor for employees.  The employment of any employee

11 . . . under conditions of labor prohibited by the order is unlawful."

12  84. California Labor Code section 204 requires that all wages earned by any person

13 in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

14 than those wages due upon termination of an employee, are due and payable between the 16th

15 and the 26th day of the month during which the labor was performed, and that all wages

16 earned by any person in any employment between the 16th and the last day, inclusive, of any

17 calendar month, other than those wages due upon termination of an employee, are due and

18 payable between the 1st and the 10th day of the following month.  California Labor Code

19 section 204 also requires that all wages earned for labor in excess of the normal work period

20 shall be paid no later than the payday for the next regular payroll period.  During the relevant

21 time period, Defendants failed to pay Plaintiffs and other aggrieved employees all wages due

22 to them, including, but not limited to, minimum wages and reporting time pay within any time

23 period specified by California Labor Code section 204.

24  85. Defendants, at all times relevant to this complaint, were employers or persons

25 acting on behalf of an employer(s) who violated Plaintiffs and aggrieved employees' rights by

26 violating various sections of the California Labor Code as set forth above.

27  86. As set forth above, Defendants have violated numerous provisions of both the

28 Labor Code sections regulating hours and days of work as well as the applicable order of the

Industrial Welfare Commission and are subject to civil penalties, in addition to those provided by Labor Code sections 2698 and 2699.

87.    Pursuant to PAGA, and in particular California Labor Code sections 2699, 2699.3 and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiffs, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a),  226.7, 510, 512 and 1198.

**SEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against All Defendants)**

88.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

89.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

90.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

91.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(c)    Requiring non-exempt employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

(d)    Failing to provide meal and rest periods or to pay premium wages for

missed meal and rest periods to Plaintiff and class members in violation

of California Labor Code sections 226.7 and 512 and the applicable

Industrial Welfare Commission Order;

(e)   Failing to provide Plaintiff and class members with accurate wage

statements in violation of California Labor Code section 226(a) and the

applicable Industrial Welfare Commission Order; and

(f)   Failing to timely pay all earned wages to Plaintiff and class members in

violation of California Labor Code sections 210, 202, 203 and 204 and

the applicable Industrial Welfare Commission Order as set forth below.

92.   Pursuant to California Business & Professions Code sections 17200 *et seq.*,

Plaintiffs and class members are entitled to restitution of the wages withheld and retained by

Defendants during a period that commences four years prior to the filing of this complaint; a

permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and

class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiffs requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment

against Defendants, jointly and severally, as follows:

1.   For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

excess of twenty-five thousand dollars ($25,000).

**Class Certification**

2.   That this case be certified as a class action;

3.   That Plaintiffs be appointed as the representatives of the Class;

4.   That counsel for Plaintiffs be appointed as Class Counsel.

**As to the First Cause of Action**

5.   That the Court declare, adjudge, and decree that Defendants violated California

Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC) Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

11.     That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premiums pursuant to California Labor Code section 226.7(b);

14.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and class members;

17.    That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

18.    For all actual, consequential, and incidental losses and damages, according to proof;

19.    For premiums pursuant to California Labor Code section 226.7(b);

20.    For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

21.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages and meal and rest period premium wages owed at the time of termination of the employment of class members no longer employed by Defendants.

23.    For all actual, consequential and incidental losses and damages, according to proof;

24.    For statutory wage penalties pursuant to California Labor Code section 203 for all class members who have left Defendants' employ;

25.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

26.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

27.    That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized wage statements thereto;

28.     For all actual, consequential and incidental losses and damages, according to proof;

29.     For statutory penalties and injunctive relief pursuant to California Labor Code section 226(e) and (h); and

30.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

31.     That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiffs and/or other Aggrieved Employees: 510 and 1198 (by failing to pay all overtime wages); 226.7 (by failing to provide meal or rest periods or the required compensation in lieu thereof); 226(a) (by failing to provide accurate and complete wage statements); 201, 202, 203 (by failing timely to pay all unpaid wages upon termination); and 204 (by failing timely to pay all earned wages during employment);

32.     For civil penalties pursuant to California Labor Code sections 210, 226.3, 558, 1174.5, 2699(a) and/or 2699(f) and (g), for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, and 1198;

**As to the Seventh Cause of Action**

33.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate wage statements, and failing timely to pay all earned wages during employment and upon termination;

34.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

35.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

FIRST AMENDED CLASS ACTION COMPLAINT

36.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

37.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: May 6, 2019                         Respectfully submitted,

                                           The Bainer Law Firm

                                    By: _____
                                           Matthew R. Bainer, Esq.

                                           Attorneys for Plaintiffs Tremaine Wilson and
                                           Lauren Becker