UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE WILSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SKYWEST AIRLINES, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-01491-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 82, 83 |

　　　　Two California-based flight attendants filed this lawsuit against their former employer SkyWest Airlines claiming various violations of California law. The flight attendants bring three claims under the California Labor Code based on SkyWest's alleged failure to provide meal breaks, rest breaks, and proper wage statements, as well as three derivative claims premised on those violations. SkyWest moved for summary judgment on all claims, and the plaintiffs moved for partial summary judgment on the issue of liability. Both motions are granted in part and denied in part.

　　　　1. Federal preemption. The plaintiffs' meal and rest break claims are not preempted by either the Airline Deregulation Act or the Federal Aviation Act. This result is compelled by the Ninth Circuit's decision in *Bernstein v. Virgin America, Inc.*, where the court held that California's meal and rest break requirements were not preempted by either statute as applied to the airline industry. 990 F.3d 1157, 1167-1170 (9th Cir. 2021); *see also Air Transport*

*Association of America, Inc. v. Washington Department of Labor & Industries*, 2021 WL 2029186, at *2 (9th Cir. May 21, 2021).

      2. <u>Dormant Commerce Clause</u>. Applying California's meal break, rest break, and wage statement laws to SkyWest's California-based flight attendants does not violate the dormant Commerce Clause. "[S]tate regulations can violate the dormant Commerce Clause in the rare case where an interstate carrier must comply with different and incompatible state requirements, and where the compliance is substantially burdensome." *Bernstein*, 990 F.3d at 1165. "[N]on-discriminatory laws that have only incidental effects on interstate commerce," such as the labor laws at issue here, "will generally be upheld 'unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.'" *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1239 (9th Cir. 2021) (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)).

      SkyWest has not shown that applying California's meal and rest requirements or wage statement laws to its California-based flight attendants imposes the kind of burden that implicates the dormant Commerce Clause. The Ninth Circuit has already explained why requiring an airline—even one headquartered outside of California, such as SkyWest—to issue California-compliant wage statements to California-based flight attendants does not run afoul of the dormant Commerce Clause. *See id.* at 1241-42. This is true even if complying with California's wage statement laws subjects SkyWest "to a patchwork of inconsistent regulations." *Id.* at 1242; *see Air Transport Association*, 2021 WL 2029186, at *2. Employers frequently have interstate workforces that require them to navigate and comply with different state laws; being this type of employer is not nearly enough to implicate the dormant Commerce Clause.

      The same general principles hold true in the meal and rest break context. Applying California's meal and rest break laws to SkyWest's California-based flight attendants does not

undermine the smooth operation of interstate commerce. *See Bernstein*, 990 F.3d at 1164-65. Even in the unlikely event that complying with these laws would "result in increased flight delays and cancellations," this does not by itself establish a substantial burden for dormant Commerce Clause purposes. *Air Transport Association*, 2021 WL 2029186, at *2.

Moreover, any burden imposed on SkyWest is greatly alleviated by the options available to it for complying with the meal and rest break requirements. With respect to rest breaks, California law expressly permits employers to seek exemptions from the rest break requirements if compliance "would not materially affect the welfare or comfort of employees and would work an undue hardship on the employer." IWC Wage Order 9-2001 § 17; *see also Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269 n.12 (2016). Flight attendants seem like the prime example of employees who would qualify for such an exemption. Strict compliance would not seem to materially affect the flight attendants' comfort, given that they have opportunities to sit and rest while onboard. And providing duty-free rest breaks in the middle of a flight would likely create an undue hardship because, as required by federal regulations and as needed to ensure passenger safety, flight attendants must remain alert and vigilant while a plane is in the air.

As to meal breaks, California law allows for "on-duty" meal periods if "the nature of the work prevents an employee from being relieved of all duty" and the parties agree to an on-duty meal break "by written agreement." IWC Wage Order 9-2001 § 11(C). For the reasons just given, the nature of flight attendants' work seems precisely the kind that prevents them from being relieved of all duties while taking meal breaks.

SkyWest argues that neither of these provisions actually reduces the burden imposed by complying with the statutes, but adopting SkyWest's position requires interpreting California law in an absurd way. For example, SkyWest insists that because employees can rescind their written

agreement to take on-duty meal periods at any time, SkyWest would be forced to immediately ground a plane and provide an off-duty meal break if a flight attendant decides to revoke their agreement mid-flight. This position has no basis in either common sense or the law.

SkyWest does not contend that it complied with California's meal and rest break requirements, and the plaintiffs have submitted evidence that they were neither given the required breaks nor compensated with additional pay. *See* Cal. Labor Code § 226.7. The plaintiffs' partial motion for summary judgment as to SkyWest's liability on the meal and rest break claims is thus granted.

3. <u>Wage statement claim</u>. Even assuming, without deciding, that SkyWest's wage statements do not comply with California law, the plaintiffs' wage statement claim under California Labor Code section 226 fails because SkyWest's violations were not "knowing and intentional." Section 226 provides that an employee is entitled to receive statutory damages if they receive an inaccurate or incomplete wage statement "as a result of a knowing and intentional failure by an employer to comply" with that section. Cal. Labor Code § 226(e)(1). Section 226 further provides that "a 'knowing and intentional failure' does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake." *Id.* § (e)(3).

Courts are divided on the level of intent "knowing and intentional" requires for establishing a section 226 violation. *See Arroyo v. International Paper Company*, -- F. Supp --, 2020 WL 887771, at *11-12 (N.D. Cal. Feb. 24, 2020) (noting case law disagreement). Some have equated it to a willfulness standard subject to a good faith defense. *See id.* at *11. Others have concluded that it only requires showing that an employer knew what information the wage statement contained, regardless of whether the employer knew that the information was deficient—in other words, that an employer is liable so long as the wage statement was not the

4

result of a clerical error or mistake. *See id.* at *12.

The language of the statute specifies that an employee is only entitled to recover damages when they receive a non-compliant wage statement "as a result of a knowing and intentional failure by an employer *to comply with*" the statute. Cal. Labor Code § 226(e)(1) (emphasis added). The best reading of this statutory language is that a good faith belief in compliance precludes liability. For this reason, and for the reasons given by Judge Chen in *Woods v. Vector Marketing Corporation*, 2015 WL 2453202, at *3-4 (N.D. Cal. May 22, 2015), wage statement claims under section 226 require a showing of willfulness.

Here, SkyWest has established a good faith defense that precludes liability. A "good faith dispute" exists "when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee." 8 C.C.R. § 13520(a). "The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist." *Id.* At the time SkyWest issued the wage statements at issue in this case, it had a good faith belief that it was not violating California law based on numerous decisions that the dormant Commerce Clause precluded applying California labor laws (including section 226) to interstate airline workers. *See, e.g.*, *Ward v. United Airlines, Inc.*, 2016 WL 3906077, at *5-6 (N.D. Cal. July 19, 2016), *reversed* 986 F.3d 1234 (9th Cir. 2021); *Fitz-Gerald v. SkyWest, Inc.*, 155 Cal. App. 4th 411, 422 (2007), *disapproved of by People ex rel. Harris v. Pac Anchor Transportation, Inc.*, 59 Cal. 4th 772 (2014). SkyWest also had a good faith belief it was complying with section 226 by listing the plaintiffs' credit hours, which is the metric more closely tied to their compensation than total hours worked, and thus the metric that better serves section 226's purpose. *See Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 752 (2020) ("The core purpose of section 226 is to ensure an employer document[s] the basis of the employee compensation payments to assist the

employee in determining whether he or she has been compensated properly." (quotations omitted) (alteration in original)). The plaintiffs have submitted no evidence to suggest that SkyWest was not acting in good faith. The wage statement claim thus fails because SkyWest did not "knowingly and intentionally" violate section 226.

    4. <u>Waiting time claim</u>. California Labor Code section 203 provides that an employer who "willfully fails to pay" an employee's wages at the time the employee resigns or is fired is subject to a waiting time penalty. Cal Labor Code § 203(a). An employer does not "willfully" fail to pay wages if there is "a good faith dispute" that those wages were due. 8 C.C.R. § 13520. As just discussed, a "good faith dispute" exists "when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery," even if the defense is ultimately unsuccessful. *Id.* § 13520(a).

    As applied to Wilson and Becker, SkyWest did not willfully withhold wages. Rather, SkyWest reasonably believed that it did not owe Wilson and Becker meal or rest break premium wages at the time they left their employment based on the legal defenses of preemption and application of the dormant Commerce Clause. Of course, the Ninth Circuit has since rejected these defenses. But they are still defenses "based in law" that "would preclude recovery on the part of the employee." *Id.* A good faith dispute thus exists over whether SkyWest owed the plaintiffs meal and rest break wages at the time they departed, and the plaintiffs' section 203 waiting time claim fails.

    5. <u>On-call time</u>. The parties disagree about whether "on-call" time during reserve periods counts as "hours worked" withing the meaning of California's wage and hour laws. To determine whether on-call time qualifies as hours worked, the focus is on "the extent of the employer's control," including whether an employer "directs, commands or restrains an employee from

leaving the work place" or "prevents the employee from using the time effectively for his or her own purposes." *Mendiola v. CPS Security Solutions, Inc.*, 60 Cal. 4th 833, 840 (2015) (quotations omitted); *see also Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1078-79 (9th Cir. 2020). Numerous factors bear on this inquiry: (1) whether there is an on-premises living requirement; (2) whether there are geographical restrictions on employee movements; (3) whether the frequency of calls is unduly restrictive; (4) whether a fixed time limit for response is unduly restrictive; (4) whether the on-call employee can trade on-call responsibilities; (6) whether the use of a pager can ease restrictions; (7) whether the employee actually engages in personal activities during the on-call time; (8) whether the on-call time is spent primarily for the benefit of the employer and its business; and (9) what the parties agree to. *See Mendiola*, 60 Cal. 4th at 841.

Here, the factors point in different directions. For example, SkyWest contends that Wilson and Becker were free to use their reserve hours in any way they liked (so long as they did not drink alcohol or take drugs), including running personal errands and watching TV. If SkyWest needed them to report for a flight attendant shift, SkyWest contacted them via cell phone. Wilson and Becker were also allowed to trade shifts with other flight attendants. But if they were called to work, they had to arrive at San Francisco International Airport (SFO) within two hours of the call. For Wilson, this required commuting from her home in southern California the day before the reserve shift started to stay at a SkyWest "crash pad" in San Bruno for the duration of the on-call period. The crash pad is less than 10 miles from SFO, but Becker asserted that traffic is so bad and public transportation so unreliable that they couldn't really leave the crash pad to run personal errands and still ensure they could arrive at SFO within the required two-hour time frame. Wilson and Becker were also compensated for the on-call time, regardless

of whether they were called to work a flight shift.

It is true that when the relevant facts are not in dispute, what qualifies as hours worked is a question of law that courts can decide at summary judgment. *See id.* at 840. However, summary judgment is inappropriate where the factors point in different directions and a reasonable fact finder could find for either party. *See Lawson v. Grubhub, Inc.*, 2017 WL 2951608, at *7-8 (N.D. Cal. July 10, 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-252 (1986). Indeed, "the act of weighing and applying numerous intertwined factors, based on particular facts, is itself generally the job of the jury." *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1067, 1077 (N.D. Cal. 2015). A reasonable jury could conclude that SkyWest exercised sufficient control over Wilson and Becker during their reserve periods to render this time hours worked under California law; a reasonable jury could also conclude the opposite.[1]

With respect to this claim, the parties raised only one substantive legal question at the summary judgment stage: whether the on-call time counts as hours worked. They did not address the separate question whether, if the on-call time does count as hours worked, California law still requires SkyWest to provide meal and rest breaks during the on-call time. It seems strange (perhaps even absurd) to say that an employee who is free to eat and rest as much as they like while being paid (so long as they don't receive a call to come to the airport) must be given meal and rest breaks during that period as well. But SkyWest has not raised this issue, and the Court did not, at least on a quick glance, independently come across any guidance.

---

[1] SkyWest argues that the plaintiffs did not include this theory in the complaint and are thus barred from asserting it at summary judgment. In the complaint, the plaintiffs broadly allege that SkyWest scheduled them to work in a way that did not permit them to take breaks, and required them to work without taking breaks. Given the way the flight attendants' Collective Bargaining Agreement operates and the nature of SkyWest's compensation scheme, the complaint's allegations about meal and rest breaks can be fairly understood as applying to reserve periods as well as on-duty shifts.

* * *

SkyWest's motion for summary judgment is denied with respect to federal preemption and the dormant Commerce Clause. SkyWest's motion is granted as to the plaintiffs' wage statement claim under section 226 and the waiting time claim under sections 201 and 202. The plaintiffs' partial motion for summary judgment is granted on the question of liability for the meal and rest break claims, and the derivative PAGA and UCL claims. The plaintiffs' motion is denied on the issue of whether on-call time during reserve periods counts as hours worked for purposes of meal and rest break periods.

**IT IS SO ORDERED.**

Dated: July 12, 2021

_____
VINCE CHHABRIA
United States District Judge